```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
               Civil No. 12-1501(DSD/JJK)
```

Ronald L. Bernard, duly
appointed representative of
Todd Michael Bernard, deceased,

      Plaintiff,

v.                                                                                                             **ORDER**

Michael J. Astrue, Commissioner
of Social Security,

      Defendant.


      Edward F. Rooney, Esq., 100 North Sixth Street, Suite 550A, Minneapolis, MN 55403, counsel for plaintiff.

      Ana H. Voss, Assistant U.S. Attorney and David W. Fuller, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for defendant.


      This matter is before the court upon the objection by Ronald L. Bernard, as representative of Todd Michael Bernard,[1] to the July 1, 2013, report and recommendation of United States Magistrate Judge Jeffrey J. Keyes. In his report, the magistrate judge recommends that the court deny the motion for summary judgment by plaintiff and grant the motion for summary judgment by defendant Commissioner of Social Security (Commissioner). After a de novo review, and for the following reasons, the court overrules the objection and adopts the report and recommendation in its entirety.

---

[1] Todd Michael Bernard is deceased. For ease of discussion, the court refers to Todd Michael Bernard as "plaintiff" and Ronald L. Bernard as "Bernard."

**BACKGROUND**

The background of the action is fully set forth in the report and recommendation, and the court briefly summarizes the history of the present action. Bernard seeks judicial review of the decision to deny plaintiff's applications for Social Security disability benefits and supplemental security income. The Commissioner denied the applications initially and again upon reconsideration. Plaintiff then requested an administrative hearing before an administrative law judge (ALJ). Plaintiff died before the hearing, and Bernard was substituted in his place.

At the June 22, 2010, hearing, the ALJ heard testimony from Bernard, plaintiff's former roommate Isaiah Lewis, medical expert Dr. Joseph Horozaniecki and vocational expert Julie Harren. R. 40-55. On August 30, 2010, the ALJ affirmed the denial of plaintiff's application. Id. at 29-30. In so deciding, the ALJ found that plaintiff "did not have an impairment or combination of impairments that met or medically equaled one of the [enumerated] impairments." Id. at 26. The Social Security Administration Appeals Council later denied a request for review, thus making the ALJ's determination the final decision of the Commissioner.

On June 22, 2012, Bernard filed this action, seeking judicial review of the decision denying plaintiff benefits. Both parties moved for summary judgment. The magistrate judge recommended granting the Commissioner's motion. Specifically, the magistrate

judge found that, although the ALJ had inadequately supported the non-disability conclusion, any error was harmless because substantial evidence supported a determination that plaintiff would not be disabled if he stopped abusing alcohol.  Bernard objects.

**DISCUSSION**

The court reviews the report and recommendation of the magistrate judge de novo, and the findings and decisions of the ALJ for substantial evidence.  See 28 U.S.C. § 636(b)(1)(C); Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the [ALJ's] conclusion." Byes v. Astrue, 687 F.3d 913, 915 (8th Cir. 2012) (citation omitted).  On review, the court considers "both evidence that detracts from and evidence that supports the Commissioner's decision."  Hartfield v. Barnhart, 384 F.3d 986, 988 (8th Cir. 2004) (citation omitted).  The court, however, may not "reverse the Commissioner's decision simply because there is evidence supporting a different result."  Hall v. Chater, 109 F.3d 1255, 1258 (8th Cir. 1997) (citation omitted).  Moreover, a court may not substitute its judgment for that of the ALJ.  Fastner v. Barnhart, 324 F.3d 981, 983 (8th Cir. 2003) (citation omitted).  Rather, the court will

disturb the ALJ's decision to deny benefits only if "the record contains insufficient evidence to support the outcome." Nicola v. Astrue, 480 F.3d 885, 886-87 (8th Cir. 2007) (citation omitted).

The Commissioner employs a five-step sequential analysis in making a disability determination. See 20 C.F.R. § 404.1520(a)(4). The ALJ must consider (1) whether the claimant has engaged in substantial gainful activity during the alleged disability period, (2) the medical severity of the impairments, (3) whether the impairments meet or medically equal the criteria of any enumerated impairments, (4) the claimant's residual functional capacity and past relevant work and (5) whether the impairments preclude the claimant from engaging in other work. Id.; see Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005). Where, as here, "a claimant has a history of substance abuse, an additional analysis is required beyond the usual five-step disability analysis. Generally, substance abuse precludes an award of benefits ... if such abuse is a contributing factor to a determination of disability." Thompson v. Astrue, 764 F. Supp. 2d 1132, 1145 (D. Minn. 2011) (citation and internal quotation marks omitted). "[D]rug addiction or alcoholism is ... a contributing factor under the statute if the claimant would not still be found disabled if he stopped using drugs or alcohol." Id. at 1145-46 (citations and internal quotation marks omitted).

The ALJ found that plaintiff satisfied the first and second steps of the analysis. R. 25. At step three, however, the ALJ found that plaintiff's impairments did not meet or medically equal any of the impairments listed in Appendix 1 of 20 C.F.R. § 404, subpart P. As a result, the ALJ found the plaintiff "capable of performing work involving routine repetitive tasks, low to moderate standards for pace and production, [and] brief and superficial contact with others." R. 28. The ALJ concluded that Plaintiff was not disabled. Id. at 29-30.

In reviewing the ALJ's decision, the magistrate judge found that the ALJ had inadequately supported the non-disability conclusion. The magistrate judge found, however, that any deficiency was harmless because substantial evidence in the record supported a determination that Plaintiff would not be disabled if he stopped abusing alcohol. ECF No. 17, at 24-26. Bernard argues that in so finding, the magistrate judge "engaged in impermissible fact finding, and in doing so made findings of fact that were, first of all, based on an erroneous legal standard and, secondly, contrary to the substantial evidence in the record as a whole." ECF No. 19, at 1.

The magistrate judge's determination, however, was based upon facts considered by the ALJ and was supported by substantial evidence in the record as a whole. Such a determination on an alternative basis does not constitute impermissible fact-finding.

5

See Bondurant v. Astrue, No. 09-328, 2010 WL 889932, at *2 (D. Minn. Mar. 8, 2010) ("[T]he Eighth Circuit [has] explained that the rule prohibiting a court from affirming an agency's decision on the basis of reasons not articulated by the agency itself in its decision applies [only] when the agency fails to make a *necessary determination of fact or policy*." (emphasis added) (citation and internal quotation marks omitted)), aff'd 444 F. App'x 928 (8th Cir. 2011) (unpublished per curiam). Indeed, the evidence that Bernard argues reflects impermissible fact-finding, "although not expressly cited by the ALJ ... [is] part of the administrative record and [was] considered by the ALJ." Id.; see also Telin v. Astrue, No. 11-3129, 2012 WL 6194353, at *2 (D. Minn. Dec. 12, 2012) ("To the extent [the magistrate judge], upon thoroughly considering the record as a whole, articulated additional reasons to support the ALJ's conclusion, the additional reasons do not result in a substitution of his view for the ALJ's view of the evidence.").

Specifically, the magistrate judge correctly observed that the ALJ's non-disability conclusion was based on a record containing evidence that (1) only one medical provider observed plaintiff experiencing tremors, (2) plaintiff was never diagnosed with an anxiety disorder, (3) plaintiff had a history of withdrawal tremors, (4) plaintiff discontinued taking medications to treat insomnia and depression, (5) plaintiff's symptoms improved when he

6

took mirtazapine, (6) plaintiff "made a number of statements ... inconsistent with disabling depression and anxiety" and (7) plaintiff's "daily activities, work history, and attempts to find employment" indicated that if plaintiff stopped drinking, "he would be able to sustain full-time competitive work limited to routine, repetitive, 3-4 step, uncomplicated instructions, and only brief and superficial contact with coworkers and the public, as found by the ALJ." ECF No. 17, at 25-26. All of these factors were considered by the ALJ.[2] The magistrate judge then correctly applied the standard for determining when alcoholism is a contributing factor material to the determination of a claimant's disability. Id. at 24-25; see 20 C.F.R. § 404.1535(b)(1).

In sum, the magistrate judge did not err in recommending that the court grant the Commissioner's motion for summary judgment, as "the record contains []sufficient evidence to support the [ALJ's] outcome." Nicola, 480 F.3d at 885 (citation omitted). As a result, after a de novo review, the court overrules the objection and adopts the report and recommendation of the magistrate judge in its entirety.

---

[2] The ALJ explicitly considered "the entire record," "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," plaintiff's "activities of daily living" and work history. R. 27-28. Further, the ALJ considered the testimony at plaintiff's hearing and the opinions offered therein. Id. at 27-29.

## CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that:

1. Plaintiff's objection [ECF No. 19] to the magistrate judge's report and recommendation is overruled;

2. The magistrate judge's report and recommendation [ECF No. 17] is adopted in its entirety;

3. Plaintiff's motion for summary judgment [ECF No. 12] is denied; and

4. Defendant's motion for summary judgment [ECF No. 14] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 26, 2013

                                            s/David S. Doty  
                                            David S. Doty, Judge  
                                            United States District Court